IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICHARD PISONI,
et al.,

Plaintiffs,

v.

STATE OF ILLINOIS, ILLINOIS
STATE POLICE, et al.,

Defendants.                                             No. 12-0678-DRH

MEMORANDUM and ORDER

HERNDON, Chief Judge:

### I.  Introduction and Background

Now before the Court is plaintiffs Pisoni and Lindsey's motion to remand (Doc. 3).  Plaintiffs contend that removal was improper as Illinois State Statute, 745 ILCS 5/1.5, allows them to choose either state circuit court or federal court to litigate their age discrimination and retaliation claims under 29 U.S.C. § 621 and that the State of Illinois should not be allowed to withdraw plaintiffs' choice of forum. Defendants oppose the motion (Doc. 14).  Based on the following, the Court finds that it has federal question jurisdiction over plaintiffs' claims and that removal was proper.

On April 24, 2012, plaintiffs Richard Pisoni and Darren Lindsey filed suit against the State of Illinois, Illinois State Police, Greg Robinson, Joseph Kollins, Scott Koerner, Rob Haley, Lance Hinkle, Craig Demerat and Charles Tolbert in the Williamson County, Illinois Circuit Court (Doc. 2-2).  The complaint contains claims

of age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(b) (Counts I & II); retaliation under the ADEA (Counts III & IV) and state law claims of civil conspiracy (Counts V & VI). Specifically, Pisoni and Lindsey claim that they were subjected to a hostile work environment in violation of the ADEA and were forced to leave the Illinois State Police SWAT team as a result of this alleged discrimination. On June 1, 2012, defendants removed the case to this Court based on federal question jurisdiction, 28 U.S.C. § 1331; § 1441(a) (Doc. 2). Thereafter, plaintiffs Pisoni and Lindsey filed the motion to remand. The Court now turns to address the merits of the motion.

## II. Analysis

Removal is proper if it is based on statutorily permissible grounds and is timely. *Boyd v. Phoenix Funding Corp.,* 366 F.3d 524, 529 (7th Cir.2004) (citing 28 U.S.C. §§ 1441, 1446). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.* Removal statutes should be interpreted narrowly, with any doubt regarding jurisdiction resolved in favor of remand. *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir.1993).

The federal district courts have original jurisdiction of "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. 1331. In assessing the propriety of removal based on federal question jurisdiction, the district court applies a rule which provides that such jurisdiction exists "only when the federal question is presented on the *face* of the plaintiff's properly pleaded complaint." *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1486 (7th Cir.

1996).

Plaintiffs contend that under Illinois State Statute 745 ILCS 5/1.5, they were entitled to file suit in either the "State circuit court or federal court." and that they chose to file suit in the State circuit court.  Therefore, plaintiffs maintain that the defendants should not be allowed to withdraw the plaintiffs' right to make the election by using the removal statutes to undermine the purposes of the State's own statute.[1]  Defendants argue that there is no language within the Illinois State Lawsuit Immunity Act that suggests that the State of Illinois has waived its right to remove federal actions to federal court and that plaintiffs have failed to point to any language that would show such intent.  The Court agrees with defendants.

Here, plaintiffs' complaint definitely states claims pursuant to the ADEA and cites to the ADEA in Counts I, II, III and IV.  Clearly, the ADEA is a federal law and under the federal removal statute defendants are entitled to remove the case to this Court. Further, in the Illinois State Lawsuit Immunity Act, the Illinois State waived its sovereign immunity and provided that it consented to the jurisdiction of either the state circuit court or federal court.  Thus, the Court has federal question jurisdiction over plaintiffs' claims and removal was proper.

---

[1]Plaintiffs cite two appellate cases from the 2nd Circuit and the 5th Circuit in support of their motion.  However, these cases are not applicable in this case as those cases deal with forum selection clauses in contracts which waived the party's right to remove.

### III.  Conclusion

Accordingly, the Court **DENIES** plaintiffs' motion to remand (Doc. 3).

**IT IS SO ORDERED.**

Signed this 27th day of September, 2012.

Digitally signed by
David R. Herndon
Date: 2012.09.27
15:17:37 -05'00'

**Chief Judge**
**United States District Court**